UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTAMEDIA LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BITESIZE NETWORKS, INC.,<br><br>　　　　　Defendant. | Case No. 14-cv-02980-WHO<br><br>**ORDER GRANTING VERTAMEDIA, LLC'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 42 |

Plaintiff's motion for entry of default judgment is scheduled for hearing on March 30, 2016. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument and I VACATE the hearing. Plaintiff's motion is GRANTED.

## BACKGROUND

### I.   Factual Background

Plaintiff Vertamedia LLC is a Nevada limited liability company that specializes in pay-per-click ("PPC") and cost-per-view ("CPV") advertisements. First Amended Complaint ("FAC") ¶ 8. Vertamedia generates traffic on its clients' websites by redirecting visitors who click on these advertisements to clients' websites. *Id.* ¶¶ 22, 23. This action arises out of defendant's breach of a contract formed between Vertamedia and Mevio, Inc. *Id.* ¶ 2. Plaintiff alleges that defendant BiteSize Networks, Inc. ("BiteSize") is "formerly known as" Mevio, Inc., and that they are the same entity and/or BiteSize is a continuation of or successor to Mevio, Inc. *Id.* ¶ 9. BiteSize is a Delaware corporation that maintains its principal place of business in Los Angeles, California. *Id.* ¶ 5.

On October 1, 2012, Vertamedia entered into a contract with Mevio, Inc. agreeing to

deliver website traffic to Mevio in accordance with a daily payment cap set by Mevio.[1]  *See* FAC ¶¶ 30, 33, Ex. T (Traffic Vendor Agreement).  Between October 2012 and August 2013, Vertamedia asserts that it delivered website traffic to BiteSize and received timely payment in return.  FAC ¶ 37.  BiteSize failed to pay its September 2013 invoice, which was overdue as of October 16, 2013.  *Id.* ¶ 43.  On October 18, 2013, Vertamedia stopped providing services under the contract.  *Id.* ¶ 45, Ex. Q.

Between October 2013 and January 2014, Vertamedia spoke to Jennifer White, BiteSize's Senior Vice President of Sales and Business Development, several times regarding the unpaid September invoice.  *Id.* ¶¶ 44-49.[2]  Ms. White assured Vertamedia that the payment would be made as soon as BiteSize resolved certain financial issues with a client.  *Id.* ¶¶ 44-49, Ex. R.  On January 9, 2014, BiteSize's COO/CFO Holli Bohren notified Vertamedia that it would not pay Vertamedia for the October and September invoices ("the Invoices") because it believed Vertamedia had provided BiteSize with fraudulent traffic.  *Id.* ¶ 50, Ex. S.  As of September 23, 2015, when Vertamedia filed its First Amended Complaint, BiteSize had not paid the Invoices, which together amount to $489,700.52.  FAC ¶ 59.

## II.  Procedural Background

Vertamedia asserts claims for breach of contract, and in the alternative, quantum meruit.  FAC ¶¶ 60-65, 66-72.  Vertamedia seeks monetary damages in the amount of $489,700.52, plus prejudgment interest and attorneys' fees and costs.  *Id.* ¶ A-C.  Vertamedia engaged in pre-suit discussions with BiteSize to attempt to settle the dispute (FAC, Exs. A – H), but when Vertamedia filed this action on June 27, 2014, BiteSize ceased communication completely.  FAC ¶ 10, Exs. A-G.[3]  Vertamedia attempted to serve BiteSize's Agent for Service of Process but was told that "he

---

[1] Vertamedia entered into a Traffic Vendor Agreement with Mevio, Inc. *See* FAC ¶¶ 30, 33, Ex. T (Traffic Vendor Agreement).  However, Vertamedia alleges that BiteSize and Mevio are the same entity and/or BiteSize is a continuation of or successor to Mevio.  FAC ¶ 9.  Accepting this allegation as true, I will regard BiteSize and Mevio as the same entity and refer to defendant as "BiteSize" hereinafter.

[2] Ms. White's (whose email address was jwhite@bitesizetv.com) responded to Vertamedia's Advertising Director Alex Volker's emails regarding the Invoices.  *See* FAC, Ex. R.

[3] In response to Vertamedia's counsel's correspondence to "Mevio" on April 17, 2014 regarding the Invoices, counsel for "BiteSize Networks, Inc. ("BiteSize") f/k/a Mevio, Inc." responded.  BiteSize's counsel never contended that BiteSize was not party to the Vertamedia contract, but

would not come out or was not available for service." *Id.*, Ex. J. Vertamedia served BiteSize by substituted service, leaving copies of the summons and complaint with production manager Jaci Darling. FAC ¶ 10, Ex. J.

Vertamedia filed its first motion for default judgment on February 9, 2015. Dkt. No. 15. Magistrate Judge Kandis Westmore requested supplemental briefing on: (i) the connection between Mevio and BiteSize; (ii) the citizenship of Vertamedia's LLC members; (iii) whether substitute service on BiteSize was sufficient; (iv) whether correspondence between Vertamedia and BiteSize after the complaint was filed constitutes an appearance by defendant; (v) the legal basis for plaintiff's request for attorney fees; and (vi) the *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) factors that the court must consider in determining whether default judgment may be entered. Dkt. No. 17.

Vertamedia submitted its response on May 12, 2015. Dkt. No. 21. On August 8, 2015 Judge Westmore denied Vertamedia's motion for default judgment without prejudice. Order Denying Motion for Default Judgment Dkt. No. 27. Judge Westmore granted leave to amend, instructing Vertamedia that in order to cure the deficiencies in its complaint, it must: (i) adequately allege that the court has subject matter jurisdiction over the action, (ii) adequately allege that BiteSize Networks is the correct Defendant because it is the same entity as Mevio, and (iii) identify a proper legal basis for an award of attorneys' fees. *Id.*, at 6.

Vertamedia filed its First Amended Complaint against BiteSize on September 23, 2015. Dkt. No. 28. The Clerk's office entered default against BiteSize on December 10, 2015. Dkt. No. 34. The case was reassigned to me on January 21, 2016. Dkt. No. 38.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). There is no right to entry of default judgment; its entry is entirely within the court's discretion. *Id.* at 999. When entry of judgment is sought against a party who

---

instead asserted that payment on the Invoices was being withheld while BiteSize investigated whether Vertamedia sent fraudulent traffic to BiteSize. FAC, Exs. B, D.

has defaulted, a district court has an affirmative duty to establish its jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Federal courts are courts of limited jurisdiction; the party seeking to invoke the court's jurisdiction bears the burden of establishing that such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true" (but not allegations as to the amount of damages). *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## DISCUSSION

Vertamedia's First Amended Complaint addressed Judge Westmore's jurisdictional concerns and her concerns about the named defendant, but failed to establish the legal basis for an award of attorneys' fees.

### I. Vertamedia Established the Court's Jurisdiction Over this Case

Vertamedia contends that the court has subject matter jurisdiction, specifically diversity jurisdiction, over this case. FAC ¶ 5. Diversity jurisdiction exists where (i) the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and (ii) the parties are completely diverse--i.e., citizens of different states. 28 U.S.C. § 1332. Both elements are satisfied here. Vertamedia requests relief in the amount of $489,700.52 exclusive of interests and costs, which is greater than $75,000. *Id.* ¶ 5, A. It is a limited liability company organized under the laws of Nevada. FAC ¶ 3. The single member of Vertamedia is an individual who is a citizen of the State of Nevada. *Id.* BiteSize Networks, Inc. f/k/a Mevio, Inc. is incorporated in Delaware and has its principal place of business in California. *Id.* ¶ 4. Thus, Vertamedia has sufficiently alleged that diversity jurisdiction exists and that the court has subject matter jurisdiction. The Court also has personal jurisdiction over the parties because both Vertamedia and BiteSize consented to personal jurisdiction in California in their contract and because BiteSize has its principal place of business in California. *Id.* ¶ 6, Ex. T at 8.

Vertamedia's First Amended Complaint cured the deficiencies Judge Westmore identified regarding subject matter jurisdiction.

## II. BiteSize is the Proper Defendant Because it is an "f/k/a" of Mevio

Because Vertamedia is moving for default judgment against BiteSize but signed the relevant contract with Mevio, Judge Westmore directed Vertamedia to include sufficient allegations to establish that BiteSize is the same entity as Mevio in its amended complaint. Order Den. Mot. for Default J. at 6. Vertamedia asserts that the details of the corporate relationship between BiteSize and Mevio are unconfirmed due to defendant's failure to respond, but that "on information and belief" BiteSize and Mevio are the same entity and/or BiteSize is a continuation of or successor to Mevio, Inc. FAC ¶ 9. It also alleges "on information and belief" that BiteSize has assumed the liabilities of Mevio. *Id.* ¶ 9.

Vertamedia provides nine good reasons why it believes that BiteSize and Mevio are the same entity. *Id.* ¶¶ 12-20. Its attorneys refer to defendant as "BiteSize Networks, Inc. (f/k/a *Mevio*)" with no objection or correction from defendant, and defendant's lawyers refer to defendant as "BiteSize Networks, Inc. (f/k/a *Mevio*)" as well. FAC ¶¶ 12-13, Exs. B, D, G. A trademark for "BITE SIZE TV" was registered with the United States Patent and Trademark Office on behalf of Mevio on November 5, 2012. FAC ¶ 14, Ex. L. Two publications published articles in 2012-2013 discussing Mevio's transformation to BiteSize. FAC ¶¶ 15-16, Exs. M, N. And, several employees have communicated to Vertamedia on behalf of Mevio using email addresses with a "bitesizetv.com" domain name, including Holli Bohren, who is listed as BiteSize's Agent for Service of Process. FAC ¶¶ 18-20, Exs. O, P, Q, R, K, S. The information alleged in Vertamedia's First Amended Complaint, including the attached exhibits, supports a finding that BiteSize is the same entity as Mevio and the proper defendant in this case.

## III. Vertamedia Failed to Establish a Legal Basis for an Award of Attorneys' Fees

Vertamedia requests both monetary damages and attorneys' fees. Vertamedia's Mot. for Default J. at 19. By entering default, the factual allegations in the First Amended Complaint, except those relating to damages, are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court has discretion to establish damages. *Id.*

The invoices total the amount Vertamedia requests as the breach of contract award, $489,700.52, plus prejudgment interest of 10 percent per annum pursuant to Section 3289(b) of

the California Civil Code. Vertamedia's Mot. for Default J. n.12. Section 3289(b) provides "[i]f a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b) (West 1986).

The parties entered into the Traffic Vendor Agreement on October 1, 2012, so the interest rate of 10 percent per annum is proper. Ex. T. Footnote 12 of Vertamedia's motion for default judgment outlines the correct calculation of 10 percent per annum on the outstanding sum BiteSize owes Vertamedia. Vertamedia's Mot. for Default J. n.12. Based on these calculations, the total amount BiteSize owes to Vertamedia as of January 19, 2015 on the breach of contract claim is $550,819.32. *Id.*

Vertamedia also requests $43,233.70 in attorneys' fees and costs. Vertamedia's Mot. for Default J. at 14. In her Order denying Vertamedia's previous motion for default judgment, Judge Westmore instructed Vertamedia to establish a legal basis for an award of attorneys' fees in its renewed motion. Order Den. Mot. for Default J. at 6. It failed to do so.

. Vertamedia argues that it is entitled to an award of $43, 233.70 in attorneys' fees because "[d]efendant has been willfully avoiding any resolution of this matter," but fails to provide a legal basis for this entitlement. Vertamedia's Mot. for Default J. at 14. Vertamedia provides no case law or statutory support for its assertion that it is entitled to attorneys' fees. Instead, in a footnote Vertamedia contends that "[a]t a minimum, the Court should compensate Plaintiff for expenses related to Defendant's failure to waive service of the Summons and the original Complaint. *See* Fed. R. Civ. P. 4(d)(2)." *Id.* at n.13. Rule 4(d)(2) provides that if a defendant fails, without good cause, to sign and return a waiver requested by a plaintiff, the court must impose on the defendant the expenses incurred in making service and the reasonable expenses, including attorneys' fees, of any motion required to collect those service expenses. Fed. R. Civ. P. 4(d)(2). Vertamedia fails to show why it is entitled to $43,233.70 in overall attorneys' fees, when it has at most established a legal basis for costs and limited attorneys' fees relating to BiteSize's failure to return a service

waiver.[4]

Vertamedia's Traffic Vendor Agreement with BiteSize does not establish that either party is responsible for the attorneys' fees of the other in the event of a lawsuit. *See* Ex. T. Absent a legal or contractual basis, I will not award attorneys' fees.

## CONCLUSION

For the foregoing reasons, I GRANT Vertamedia's motion for default judgment, awarding $489,700.52, to plaintiff for breach of contract, plus prejudgment interest of 10 percent per annum through January 19, 2015 (as requested by plaintiffs), for a total award of $550,819.32.

**IT IS SO ORDERED**.

Dated: March 21, 2016

WILLIAM H. ORRICK
United States District Judge

---

[4] However, Vertamedia fails to identify what specific portion of its fees and costs it incurred because of BiteSize's failure to return a waiver of service. I will not award them these unspecified and unsubstantiated fees and costs.

7